IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KAREEM KELLAM,
    Petitioner,

v.

SUPERINTENDENT KERESTES, et al.,
    Respondent.

CIVIL ACTION

NO. 13-6392

FILED
MAY 1 8 2015
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## ORDER

**AND NOW**, this 18th day of May 2015, upon careful and independent consideration of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, all memoranda and exhibits in support of habeas corpus, the Respondents' response thereto, and the entire record in this case, and upon review of the Report and Recommendation ("R&R") of United States Magistrate Henry S. Perkins [Doc. No. 14], which recommends denying the Petition without prejudice, and having reviewed *de novo* the grounds on which Petitioner objected, and for the reasons set forth in the thorough and well-reasoned R&R, it is hereby **ORDERED** that:

1. Petitioner's objections are **OVERRULED**;[1]

---

[1] On November 6, 2007, following a jury trial, Petitioner Kareem Kellam was convicted of second degree murder, robbery, and criminal conspiracy in the Philadelphia Court of Common Pleas and is currently serving a life sentence of imprisonment pursuant to those convictions. Petitioner filed a petition for federal habeas relief from his convictions pursuant to 28 U.S.C. § 2254, which this Court referred to United States Magistrate Judge Henry S. Perkin for a Report and Recommendation ("R&R").

Magistrate Judge Perkin issued an R&R finding that two of the claims raised in the § 2254 petition were unexhausted and therefore the petition was a "mixed" petition containing exhausted and unexhausted claims. Because unexhausted claims generally cannot be heard in federal court, the R&R considered whether to deny the petition without prejudice pending exhaustion of state collateral review or to stay the petition (although Petitioner had not requested a stay). The R&R concluded that upon the conclusion of state collateral review, Petitioner would have 236 days in which to file a federal habeas petition and that no good cause existed to grant a stay. The R&R therefore recommended that the § 2254 petition be denied without prejudice.

Petitioner objected to the R&R on the basis that the unexhausted claims are procedurally defaulted by the failure of his counsel to timely appeal from the dismissal of his petition for state collateral review and that the default may be excused due to counsel's ineffective assistance. Since then, however, the Court of Common Pleas has reinstated Petitioner's appellate rights and appointed new counsel for Petitioner. It appears that Petitioner's claims are therefore undefaulted, and allegations of ineffective assistance of counsel generally do not excuse failure to exhaust undefaulted claims. *See Duckworth v. Serrano*, 454 U.S. 1, 4-5 (1981) (holding that allegation of ineffective assistance of counsel determined by court of appeals to be a "clear violation" of the petitioner's constitutional rights did not excuse failure to exhaust state remedies).

2. The R&R is **APPROVED** and **ADOPTED** for the reasons stated therein;

3. The Petition for Writ of Habeas Corpus by a Person in State Custody is **DENIED** without prejudice to Petitioner's ability to re-file the Petition following exhaustion of all of Petitioner's claims on state collateral review;

4. A Certificate of Appealability **SHALL NOT ISSUE**.[2]

The Clerk of Court is directed to **CLOSE** this case.

It is so **ORDERED.**

BY THE COURT:

*[signature]*

CYNTHIA M. RUFE, J.

---

Petitioner's objections were accompanied by a motion to stay and a motion to consider the untimely motion to stay, which the Court will construe as objections to the R&R's determination that the case should not be stayed. The Court has independently reviewed the time that Petitioner will have to file a federal habeas petition upon the conclusion of state collateral review, and agrees that Petitioner will have ample time to file such a petition. Any prejudice that Petitioner may have suffered from alleged ineffective assistance of counsel on state collateral review is ameliorated by the Court of Common Pleas' appointment of new counsel and reinstatement of Petitioner's appeal rights. In addition, although Petitioner contends that he is actually innocent, Petitioner's unsupported allegations of third party culpability are insufficient to provide good cause to stay these proceedings. For these reasons, the Court will deny the § 2254 petition without prejudice to its reinstatement after exhaustion of all of Petitioner's claims on state collateral review.

[2] For the reasons discussed above, Petitioner has made no "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), and is therefore not entitled to a certificate of appealability.

2